UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **GARY RESIL, AKA DANNY RESIL**<br>    A-017-546-658<br>VS. | **CIVIL ACTION NO. 3:11-cv-0846**<br><br>**SECTION P**<br><br>**JUDGE ROBERT G. JAMES** |
| **IMMIGRATION AND CUSTOMS**<br>**ENFORCEMENT, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

AND

| | |
|---|---|
| **GARY RESIL, AKA DANNY RESIL**<br>    A-017-546-658<br>VS. | **CIVIL ACTION NO. 3:11-cv-1223**<br><br>**SECTION P**<br><br>**JUDGE ROBERT G. JAMES** |
| **IMMIGRATION AND CUSTOMS**<br>**ENFORCEMENT, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Gary Resil, aka Danny Resil, proceeding *in forma pauperis*, filed the above captioned civil actions in this court on June 6 and 16, 2011. When he filed these civil actions, plaintiff was a detainee in the custody of United States Immigration and Customs Enforcement (ICE); he was detained at the Tensas Parish Detention Center (TPDC), Waterproof, Louisiana, apparently awaiting removal to Haiti, his country of origin. However, it appears that he is no longer in ICE custody at TPDC.[1] In a letter received on August 18, 2011 plaintiff advised that his "address

---

[1] According to the U.S. Immigration and Customs Enforcement web site, as of August 18, 2011, plaintiff was "not in custody" which means that he was released from ICE custody within the last 60 days for any of the following reasons: (1) Removed from or voluntarily departed the United States, (2) Released from custody pending the outcome of their case, (3) Released into the United States due to the resolution of the immigration case, or (4) Transferred into the custody of another law enforcement or custodial agency. As of January 4, 2012, a search of the website reveals no listings for the plaintiff. https://locator.ice.gov/odls/searchByAlienNumber.do

has been change beyond my control." He provided what appears to be a residential address – 1030 North West 11th St., Miami, FL33168. [3:11-cv- 0846 at Doc. 6; 3:11-cv-1223 at Doc. 7]

In the first complaint (3:11-cv-0846), plaintiff sued ICE, TPDC, its Warden, John Smith and unknown corrections officers who were on evening shift duty at the Gulf Dorm on January 22, 2011. Plaintiff alleged that on that date he was disturbed by loud noises made by his fellow detainees, that he was drugged by one of his fellow detainees and thereafter he was refused adequate medical care and attention. He prayed for damages in the amount of $1 billion. He also submitted a series of virtually incomprehensible hand-written grievances or addenda to the complaint wherein he complained of various medical ailments and the failure of various individuals to provide proper treatment or care for those ailments; he also complained that certain items of personal property were confiscated from him while he was in transit from a detention center in Florida and he demanded their return.

Plaintiff's second complaint (3:11-cv-1223) was filed in the United States District Court for the Middle District of Louisiana. It was transferred to this Court shortly thereafter. In this complaint, plaintiff sued the same defendants named above, along with "all detention and transportation officers and all medical staff – c/o Lee Wilkerson." He again complained that he was drugged on January 22 or 24, 2011 and was denied medical care. He again prayed for $1 billion in damages and for $1,000/day for each day that he "languished" in ICE custody. Attached to this complaint was a letter from plaintiff to the Loyola Law Clinic dated May 17, 2011. In that letter plaintiff complained that the ICE Field Director, Phillip Miller, denied plaintiff's request for a stay of removal based on "distorted" reports from C/O Lee Wilkerson who falsely accused plaintiff of being an Ethiopian Muslim. He requested representation from the Clinic and advised that he was seeking $1 billion in

damages.

On October 11, 2011, plaintiff was ordered to amend his complaint to provide additional factual support for his conclusory claims. [3:11-cv-0846, Doc. 7; 3:11-cv-1223; Doc. 8] On October 20, 2011, the order in Civil Action No. 3:11-cv-0846 was returned as undeliverable with the notation "No such number/Unable to Forward" [Doc. 8]; on October 31, 2011, the order in Civil Action No. 3:11-cv-1223 was also returned as undeliverable with the same notation [Doc. 9]. Plaintiff has not provided a current address and has not corresponded with the Court since August 2011.

### *Law and Analysis*

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "For failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). Further, Local Rule 41.3 of the Western District of Louisiana provides in part, "The failure of ... [a] pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days." More than 30 days have elapsed since correspondence to plaintiff was returned as undeliverable and plaintiff has yet to apprise the court of his current whereabouts.

The undersigned finds that dismissal at this time may result in the loss of the causes of action due to prescription. In other words, the applicable statute of limitations may bar plaintiff from re-

filing the instant suit. Thus, dismissal at this juncture will effectively constitute dismissal "with prejudice," – "an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice for failure to prosecute or to comply with a court rule or order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*.

The undersigned finds that the requirements for a dismissal with prejudice are satisfied in both cases. As discussed above, plaintiff has ignored a Rule of this court and failed to keep the court apprised of his current whereabouts. Further, he has made no attempt to contact the court since August 2011 when he provided what is apparently an incorrect address. Since plaintiff is proceeding *in forma pauperis*, it is unlikely that he enjoys sufficient means to fund a lesser, monetary sanction. Moreover, dismissal of the case may be the least sanction where, as here, there is every indication that plaintiff no longer wishes to pursue his cause of action. Finally, plaintiff's failure to abide by court rules must be personally attributable to him as a *pro se* litigant.

Therefore,

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaints in Civil Action 3:11-cv-0846 and 3:11-cv-1223 be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b) and Rule 41.3 of the United States District Court for the Western District of Louisiana.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers at Monroe, Louisiana, January 4, 2012.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE